# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NUMBER 2:03-CR-20044**<br>**CIVIL NUMBER 2:14-CV-2785** |
| **VERSUS** | **JUDGE HAIK** |
| **JOHNNY JOSEPH GREEN** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

Before the court is the Motion to Correct Illegal Sentence filed by *pro se* petitioner, Johnny Joseph Green,  pursuant to 28 U.S.C. § 2255 on September 22, 2014.[1] [rec. doc. 81].   Petitioner attacks his 180 month sentence imposed by this Court on March 8, 2004, following his September 15, 2003 conviction for being a felon in possession of a firearm.

## PROCEDURAL HISTORY

On September 15, 2003, petitioner pled guilty to being a felon in possession of a firearm. [rec. docs. 20-24].  On March 8, 2004, Green was sentenced to a term of 180 months imprisonment, consecutive to Green's Louisiana State sentence. [rec. docs. 28 and 29].  Petitioner did not directly appeal his conviction or sentence.

On April 26, 2004 and August 23, 2004, petitioner filed motions to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [rec. docs. 31 and 44].   In these motions and Memorandum in Support of the Motions, Green asserted that he was

---

[1] Although petitioner cites 18 U.S.C. § 3742 as an additional basis for this Motion, that statute provides for a direct appeal of a final sentence to the Fifth Circuit Court of Appeal and is not applicable in collateral proceedings.

denied effective assistance of counsel because his sentence was not ordered to run concurrent with his state court sentence as he was allegedly promised in his Plea Agreement and because his attorney did not object to the application of sentencing enhancements in his Pre-Sentence Investigation Report. [*See* rec. doc. 38].  Following a response by the government [rec. docs. 36 and 37] a reply by petitioner, and an attempt to amend his Motion, which the court construed as an additional reply [rec. docs. 40, 41 and 50], Judge Haik denied the motions on July 31, 2006.  [rec. doc.  48].

On August 7, 2006, Green filed a "Supplemental" Motion to Vacate pursuant to 28 U.S.C. § 2255 arguing that he had "discovered federal jurisprudence to strengthen his original 2255 Motion.  . . ." [rec. doc. 51].  In this Motion, petitioner again argued that his sentence should not have been imposed to run consecutive to his Louisiana state court sentence, and that his criminal history score was erroneously calculated because various prior convictions were consolidated for sentencing.  By Order dated August 11, 2006, Judge Haik denied the Motion finding the "Supplemental" Motion lacked merit. [rec . doc. 52].

Petitioner's request for a certificate of appealability was denied by the United States Fifth Circuit Court of Appeals on July 11, 2007.  [rec. doc. 70, *United States v. Green*, No. 06-30865 (5th Cir. 2007) (unpublished)].

On September 22, 2014, petitioner filed the instant motion asserting that under Amendment 709 to the United States Sentencing Guidelines, which became effective on November 1, 2007, he should not have been sentenced as a career offender.

## LAW AND ANALYSIS

For the reasons which follow, the instant motion is "second or successive" within the meaning of 28 U.S.C. § 2255(h) and § 2244(b)(2), filed without proper authorization from the United States Fifth Circuit Court of Appeals.

As set forth above, this court's records demonstrate that petitioner filed at least one previous motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, attacking the same conviction and sentence that is the subject of this motion.[2]

That § 2255 motion was addressed on the merits and was denied and dismissed with prejudice on July 28, 2006.   Petitioner's "Supplemental" Motion was likewise denied on the merits on August 11, 2006.  Moreover, petitioner's request for a certificate of appealability to appeal this Court's rulings was denied by the United States Fifth Circuit Court of Appeals on July 11, 2007.  *United States v. Green*, No. 06-30865 (5th Cir. 2007)  (unpublished). Therefore, this is Green's second, and possibly third, § 2255 motion filed in this court in which petitioner attacks the same conviction and sentence that were the subject of his previous motion.[3]

AEDPA uses the phrase "second or successive" as a "term of art.*"  In re Lampton*, 667 F.3d 585, 587-588 (5th Cir. 2012).  The phrase appears in both § 2244 and § 2255, and it carries the same meaning in both provisions.  *Id.* at 588.  However, AEDPA does

---

[2]It is unclear if petitioner's multiple filings may be construed as a single round of collateral review given the time delays between these filings and the Court's separate rulings on these filings.  However, the Fifth Circuit appears to have addressed all of the claims set forth in these Motions in its denial of certificate of appealability.  The exact number of prior Motions filed by petitioner, however, does not affect the Court's disposition of the instant Motion.

[3]*See* fn. 2, *supra.*

not define what constitutes a "second or successive" motion. Decisions of the United States Supreme Court and Fifth Circuit Court of Appeals provide guidance in determining when a § 2255 motion should be considered second or successive for purposes of § 2244.

The Supreme Court has found that the phrase "second or successive" does not encompass all "applications filed second or successively in time." *Lampton*, 667 F.3d at 588 *citing Magwood v. Patterson*, 561 U.S. 320, 130 S.Ct. 2788, 2796 (2010). Rather, it "must be interpreted with respect to the judgment challenged." *Id. citing Magwood*, 130 S.Ct. at 2797. AEDPA's bar on second or successive petitions therefore applies to a later-in-time petition that challenges the same judgment imposing the same sentence as an earlier-in-time petition. *Id. citing Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793 (2007). The Supreme Court has further held that the phrase "second or successive" applies to an entire application, not individual claims in an application. *Magwood* , 130 S.Ct. at 2798 ("AEDPA uses the phrase 'second or successive' to modify 'application.').

The Fifth Circuit has found that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 fn. 7 (5th Cir. 1999) *citing Felker v. Turpin*, 518 U.S. 651, 655-58, 662-63, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996). Thus, the Fifth Circuit has suggested a focus of the inquiry is whether in the prior petition, the petitioner received an adjudication on the merits of his claims.

4

The Fifth Circuit has also found that a later petition is successive when it:  "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ."  *In Re Cain*, 137 F.3d 234, 235 (5th Cir. 1998).

Clearly, under the above standards, the instant petition is "second or successive." Green's motion seeks to challenge the same judgment of conviction imposing the same sentence that was the subject of his prior § 2255 motion.  Moreover, petitioner's prior § 2255 motion was denied and dismissed on the merits.

Before this motion may be considered by this court, petitioner is required to obtain authorization to file this second or successive § 2255 motion from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A) which provides in part, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. §§ 2244(a) and 2255(h).  The record does not show that petitioner has received such authorization.  Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed. *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999); *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

This court is not required to transfer this second and successive § 2255 motion to the Fifth Circuit for a determination whether petitioner should be allowed to proceed. Pursuant to  *In Re Epps,*  127 F.3d 364 (5th Cir. 1997), some district courts have taken this

route; however, transfer is not mandatory.  Rather, the opinion merely adopts a procedure to be used when a district court determines that transfer is appropriate. *See Id.*

In the instant case, transfer of this case to the Fifth Circuit is not warranted. Petitioner's conviction became final in early 2004, when the time for seeking direct appellate review in the Fifth Circuit Court of Appeals expired.  There has been no governmental imposed unconstitutional impediment to the filing of a § 2255 motion and petitioner's claim does not rely on any newly recognized constitutional right made retroactive to cases on collateral review by the Supreme Court.  While petitioner apparently relies on an Amendment to the Sentencing Guidelines, that Amendment became effective nearly seven years ago.  Yet, petitioner only recently filed the instant Motion.  Thus, it appears that the Motion is statutorily barred by the one-year statute of limitations for the filing § 255 motions.  *See* 28 U.S.C. § 2255(f).

Moreover, it does not appear that petitioner could satisfy his burden for the Motion to be considered timely by application of equitable tolling; it does not appear that petitioner "has been pursuing his rights diligently" or "that some extraordinary circumstance stood in his way and prevented timely filing." *See Lawrence v. Florida*, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807,161 L.Ed.2d 669 (2005); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (the burden of proof concerning equitable tolling is on the petitioner).

**IT IS THEREFORE RECOMMENDED** that the instant second and successive motion to vacate filed pursuant to 28 U.S.C. § 2255 by Johnny Joseph Green be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second and successive *habeas* petition within the meaning of 28 U.S.C. § 2255(h) and § 2244(b)(2) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in chambers, in Lafayette, Louisiana, this the 29th day of September, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

7