UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CASE No. 2:03-cr-20044** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **JOHNNY JOSEPH GREEN** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a *pro se* Motion to Vacate, Set Aside, or Correct Sentence [doc. 89] filed pursuant to 28 U.S.C. § 2255 and related Motion to Appoint Counsel [doc. 96] by defendant Johnny Joseph Green. Green is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the United States Penitentiary at Atlanta, Georgia. In response the government has filed a memorandum in opposition/Motion to Dismiss [docs. 93, 94], requesting that this matter be dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion.

This motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED THAT** the government's Motion to Dismiss [doc. 94] be **GRANTED**, Green's Motion to Appoint Counsel [doc. 96] be **DENIED**, and the instant Motion to Vacate [doc. 89] be **DISMISSED WITHOUT PREJUDICE**.

**I.**
**BACKGROUND**

Pursuant to a plea agreement, Green was convicted in this court on September 15, 2003, of one count of being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g). Docs. 20–

24. He was then sentenced to a 180 month term of imprisonment under 18 U.S.C. § 924(e),[1] to be served consecutively to a state court sentence. Docs. 28, 29. He filed an untimely "Motion for Leave to Appeal" on June 28, 2004, which the court denied. Docs. 32, 47. Otherwise, he did not pursue a direct appeal of his conviction or sentence.

Green filed a motion to vacate pursuant to 28 U.S.C. § 2255, alleging that the court had failed to sentence him in accordance with his plea agreement. Docs. 31, 44. The court denied his motion on the merits on July 31, 2006. Doc. 48. Green filed a supplemental § 2255 motion on or about the same date, raising additional attacks on his sentence. Doc. 51; *see id.* at 3 (filing date). The court also denied these for lack of merit. Doc. 52. The district court and Fifth Circuit both declined to issue a certificate of appealability. Docs. 58, 70.

On August 26, 2013, Green filed another motion for a certificate of appealabilty in the Fifth Circuit, which that court construed as a motion for authorization to file a successive § 2255 motion and denied. *In re Green*, No. 13-30892 (5th Cir. 2013). Green then filed a "nunc pro tunc" motion in the district court on September 22, 2014, seeking correction of his sentence. Doc. 81. The court construed this filing as a successive § 2255 motion and dismissed it without prejudice. Docs. 83, 85. On June 7, 2016, Green sought authorization to file a successive § 2255 motion in the Fifth Circuit, which that court denied. *In re Green*, No. 16-30636 (5th Cir. 2016).

On April 24, 2017, Green filed the instant motion pursuant to § 2255. Doc. 89; *see id.* at 12 (filing date). Here he claims that he is entitled to relief from his enhanced sentence under 18 U.S.C. § 924(e) because (1) one of his predicate state court convictions was obtained without effective assistance of counsel and (2) the government failed to prove that his predicate armed

---

[1] Under 18 U.S.C. § 924(e), a person who violates § 922(g) and has three previous convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another" must be sentenced to a term of imprisonment "not less than fifteen years."

robbery and attempted armed robbery convictions were "committed on occasions different from one another," as required under § 924(e), supra note 1. Doc. 89, att. 1. The government opposes this filing as an unauthorized successive § 2255 motion and requests that it be dismissed for lack of jurisdiction. Docs. 93, 94.

## II.
### LAW AND ANALYSIS

#### A.  *§ 2255 Motion*

Following conviction and exhaustion or waiver of the right to appeal, the court presumes that a defendant "stands fairly and finally convicted." *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991) (quoting *United States v. Frady*, 102 S.Ct. 1584, 1592 (1982)). Relief under § 2255 "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Because Green's first § 2255 motion was adjudicated on the merits, the instant motion qualifies as successive.[2] A district court lacks jurisdiction to consider a second or successive § 2255 motion unless the Court of Appeals has granted the defendant permission to file same. *United States v. Johnson*, 303 Fed. App'x 241, 242 (5th Cir. 2008) (unpublished) (citing *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000)). When faced with an unauthorized second or successive §

---

[2] "Second or successive" is a "term of art" in federal habeas law. *In re Lampton*, 667 F.3d 585, 587–88 (5th Cir. 2012). This term "does not encompass all applications filed second or successively in time," but instead "must be interpreted with respect to the judgment challenged." *Id.* (citing *Magwood v. Patterson*, 130 S.Ct. 2788, 2796–97 (2010)) (internal quotations omitted). However, with respect to applications challenging the same judgment, one "filed after a previous application was fully adjudicated on the merits is a second or successive application . . . even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 774 n. 7 (5th Cir. 1999) (citing *Felker v. Turpin*, 116 S.Ct. 2333 (1996)).

When an action is dismissed as time-barred, that dismissal operates as an adjudication on the merits for the purposes of this inquiry. *See United States v. Byrd*, 2016 WL 6538506, at *1 n. 1 (W.D. La. Oct. 3, 2016) (and cases cited therein). Thus this court's ruling on Felice's first § 2255 motion operates as an adjudication on the merits and the instant motion is second and successive.

2255 motion, some district courts opt to transfer the matter to the Fifth Circuit for a determination of whether the petitioner should be allowed to proceed, pursuant to *In re Epps*, 127 F.3d 364 (5th Cir. 1997). However, transfer is not mandatory and *Epps* instead "merely adopts a procedure to be used when a district court determines that transfer is appropriate." *Byrd*, 2016 WL 6538506 at *3.

Here, as the government notes, it is unlikely that such authorization would be granted. A prisoner may file a successive motion under § 2255(h) if he makes a prima facie showing that his motion either contains "newly discovered evidence that . . . would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense," or rests upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Reyes-Requena v. United States*, 243 F.3d 893, 897–98, 900 (5th Cir. 2001). Green fails to make such a showing for either claim. Accordingly, we recommend that this matter be dismissed outright rather than allowing further delay through a transfer. Green may seek authorization from the Fifth Circuit on his own accord.

### B. *Motion to Appoint Counsel*

Under the Rules 6 and 8 of the Rules Governing § 2255 Proceedings, the court must appoint counsel to assist a movant who qualifies for such an appointment under 18 U.S.C. § 3006A "[i]f necessary for effective discovery" or if the judge determines that an evidentiary hearing should be held. Here we are not recommending that this motion proceed, and so no such appointment is warranted.

### III.
#### CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED THAT** the government's Motion to Dismiss [doc. 94] be **GRANTED**, Green's Motion to Appoint Counsel [doc. 96] be **DENIED**, and the instant Motion to Vacate [doc. 89] be **DISMISSED WITHOUT PREJUDICE**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

In accordance with Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in Chambers this 14th day of March, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE