UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:03-CR-20044-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **JOHNNY JOSEPH GREEN (01)** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM ORDER

Before the Court is Defendant Johnny Joseph Green's "Motion to Reconsider" Rec. 107) wherein Mr. Green moves the Court to reconsider its prior order denying Mr. Green's Motion for Compassionate Release for failing to exhaust administrative remedies.[1] Mr. Green attaches a document purported to be a letter dated March 29, 2020, authored by Mr. Green to the Warden at FCI – Talladega, Alabama which requests either early release and/or home confinement. The purpose of the letter is to inform the Court that Mr. Green has exhausted his administrative remedies.

The Government opposes Mr. Green's early release. The Government argues that Mr. Green's COPD health-related concerns do not warrant a compassionate release. The Government challenges Mr. Green's assertions that he intends to care for himself by receiving Social Security and Medicaid benefits without supporting documentation. The Government further notes that the BOP estimates that Mr. Green will be released on June 19, 2021.

A judgment, including a sentence of imprisonment, "may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010). Under 18 U.S.C. 3582(c), a court generally may not modify a term of imprisonment once it

---

[1] See Rec. 104.

has been imposed, except in three circumstances; (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A); (2) to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure, 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Section 3852(c)(1)(A) permits a court to reduce a prisoner's sentence "if he finds that" (1) "extraordinary and compelling reasons warrant such a reduction" and (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

Prior to 2018, only the Director of the BOP could file these kinds of compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, § 3582(c)(1)(A) now allows prisoners to directly petition courts for compassionate release.

Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C, § 3582(c)(1)(A). Here, the applicable policy statement, U.S.S.G. § 1B1.13, provides that a court may reduce the term of imprisonment after considering the § 3553(1) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or the community, as provided in 18 US.C. § 3142(g); and (iii) "the reduction is consistent with this policy statement."[2] U.S.S.G. § 1B1.13.

---

[2] The policy statement refers only to motions filed by the BOP director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See first Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239. In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3) experiencing deteriorating physical mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).

The application note also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that the BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

The BOP has issued a regulation to define its own consideration of compassionate release requests. See BOP Program Statement 5050.50.[3] This Program Statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail the BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical

---

the Sentencing Commission," § 35829c)(2)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.
[3] Available at https://www.bop.gov/policy/progstat/5050_50EN.pdf .

condition, advanced age, and family circumstances. The policy statement is binding under the express terms of § 3582(c)(1)(A), and because it concerns only possible sentence reductions, not increases, it is not subject to the rule of *Booker v. United States,* 543 U.S. 220 (2005), that any guideline that increases a sentence must be deemed advisory. See *Dillon v. United States*, 560 U.S. 817, 830 (2010) (making clear that the statutory requirement in § 3582 that a court heed the restrictions stated by the Sentencing Commission is binding).

Mr. Green argues that he is entitled to compassionate release because he is an at-risk inmate with a serious medical condition which he claims is Chronic Obstructive Pulmonary Disease ("COPD").[4] As noted by the Government, Mr. Green has failed to submit any documentation as to his alleged health concerns. Furthermore, Mr. Green has failed to present any impediment to his ability to provide self-care in the institution. See e.g., *United States v. Maher,* 2020 WL 390884, at *4 (Jan. 22, 2020) (denying compassionate release to a defendant whose medical records showed "a history of Chrohn's disease, prostate cancer, and hepatitis C, as well as significant unexplained weight loss, bacterial pneumonia, and acute exacerbation of bronchiectasis" on the ground that the records did not show his inability to care for himself); *United States v. Lynn,* 2019 WL 3082202, at *2 (S.D. Ala. July 15, 2019) (denying compassionate release for a defendant who complained of chronic kidney failure, atrial fibrillation, 70% blockage in multiple coronary arteries, high cholesterol, cervical disc degeneration, enlarged prostate, and other ailments; none were terminal, or substantially diminish defendant's ability to provide self-care within the environment of a correctional facility); *United States v. Bunnell*, 2019 WL 6114599 (D. Ariz. Nov. 18, 2019) (denying

---

[4] Rec. 101).

compassionate release even though the defendant had "serious medical issues" including "arthritis, sciatica, bulging lumbar discs 2-5, scoliosis, and degenerative disease causing central stenosis in his spine" and was confined to a wheelchair, as none of these was a terminal illness or substantially diminished his ability to provide self-care). The Government concedes that Mr. Green meets the threshold test of a medical condition defined in note 1(A). Specifically, Mr. Green's COPD presents a risk factor identified by the CDC as heightening the risk of severe injury or death if he was to contract COVID-19.[5]

The Court must also consider § 3553(a) factors such as Mr. Green's possible danger to the community. The Government refers to Mr. Green's lengthy criminal history, various disciplinary infractions in prison,[6] and that under current law, he would face a sentence of 42 years on certain firearm charges.

The Government also advises that the limited medical records it received from the BOP indicate that a plan of maintenance and treatment of Mr. Green's COPD has been and continues to be in place. The Government remarks that Mr. Green provides no plan as to what measures he intends to employ to prevent both exposure to and transmission of the virus. See *United States v. Feiling,* 2020 WL 1821457, at *8 (Apr. 10, 2020) (noting that releasing the defendant to his home "presents its own risks to Defendant's health, the health of his family and public safety").

The Government reminds the Court that Mr. Green is a convicted armed robber whose sentencing guidelines were dictated by his classification as an "Armed Career Criminal." Also,

---

[5] See Center for Disease Control, Groups at Higher Risk for Severe Illness at https://www.cdc,gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html
[6] Mr. Green states that he has had no disciplinary reports since 2018. Rec. 107-1.

of significance, Mr. Green was released from serving a 20-year sentence for armed robbery in 1992, on July 20, 2002, he was released on parole. Less than one year later, Mr. Green had reoffended and violated his parole by possessing a concealed, stolen firearm.

Finally, the Court notes that Mr. Green already has a halfway house date of September 21, 2020, and a home confinement date of December 19, 2020.[7] Giving deference to the BOP's decision to not grant Mr. Green's request for compassionate release, the Court finds that Mr. Green is not a suitable candidate for compassionate release. Accordingly,

**IT IS ORDERED** that Mr. Green's Motion to Reconsider is hereby **DENIED.**

**THUS DONE AND SIGNED** in Chambers, on this 10th day of June, 2020.

*[signature]*
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[7] Rec. 107-1.